[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #110 MOTION TO REOPEN JUDGMENT
On March 26, 2002, the defendant was defaulted for his failure to appear and defend the instant action at a trial scheduled for that same date. On April 12, 2002, the defendant moved to "open, vacate and set aside judgment of default entered against the defendant on March 26, 2002, for the reasons as set forth in the attached Affidavit."
The affidavit provides in pertinent part that:
 4. A clerical error occurred when my office state failed to note my calendar of the calendar call on March 26, 2002.
CT Page 5488 Section 17-43 of the Connecticut Practice Book concerns the opening of judgment upon default or nonsuit. This section provides in pertinent part that:
 (a) Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which notice was sent, and the case reinstated on the docket on such terms in respect to costs as the judicial authority deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. Such written motion shall be verified by the oath of the complainant or the complainant's attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or the defendant failed to appear. The judicial authority shall order reasonable notice of the pendency of such written motion to be given to the adverse party, and may enjoin that party against enforcing such judgment or decree until the decision upon such written motion. (emphasis added)
Although the moving party does provide an explanation for his failure to appear at trial, he does not comply with subsection 17-43 (a) of the Practice Book. Neither his motion, nor his affidavit state in general terms the nature of any defense, if any, that he may have to this action.
Whereas the moving party has not adequately complied with the provisions of § 17-43 of the Connecticut Practice Book, the Motion to Re-open Judgment of Default is denied.
Richard A. Robinson, J April 30, 2002